UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
OFFICE OF THE CLERK

GREGORY C. LANGHAM, CLERK

ROOM A-105
ALFRED A. ARRAJ U.S. COURTHOUSE
901 19TH STREET
DENVER, COLORADO 80294-3589
PHONE (303) 844-3433
www.cod.uscourts.gov

June 29, 2011

SEE NOTICE OF ELECTRONIC FILING

**RE:    Jones v. Revell, et al**

District Court Case No. 10-cv-00726-REB-BNB
Notice of Appeal filed by Antoine Jones on Junes 24, 2011
Other pending appeals: none

Attached are the following documents for the parties in connection with the notice of appeal: Copy of the notice of appeal and a copy of the docket sheet.  Attached for the pro se appellant is a letter from the U.S. Court of Appeals and a Pro Se Docketing Statement.

The required $455.00 filing fee was not tendered with the notice of appeal by the appellant. The filing fee should be paid to the Clerk, U.S. District Court as soon as possible.  If the appellant intends to move this court to proceed on the appeal pursuant to 28 U.S.C. § 1915(b) and Fed. R. App. P. 24, the proper motion and affidavit form is enclosed.  Please complete and file this as soon as possible.

Upon determination of the appellant's "fee status", the record on appeal will be transmitted to the Court of Appeals in accordance with the Tenth Circuit Rules.

Sincerely,
GREGORY C. LANGHAM, Clerk

by  s/ B. Reed
Deputy Clerk

cc:    Clerk, U.S. Court of Appeals (with copy of docket sheet, copy of notice of appeal and the preliminary record)

ALLMTN, APPEAL, TERMED

# U.S. District Court
## District of Colorado (Denver)
### CIVIL DOCKET FOR CASE #: 1:10-cv-00726-REB -BNB

| | |
|---|---|
| Jones v. Revell et al | Date Filed: 03/30/2010 |
| Assigned to: Judge Robert E. Blackburn | Date Terminated: 06/16/2011 |
| Referred to: Magistrate Judge Boyd N. Boland | Jury Demand: Plaintiff |
| Demand: $365,000 | Nature of Suit: 555 Prison Condition |
| Cause: 42:1983 Prisoner Civil Rights | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **Antoine Jones** | represented by | **Antoine Jones**<br>18600-016<br>FLORENCE HIGH<br>U.S. PENITENTIARY<br>Inmate Mail/Parcels<br>P.O. BOX 7000<br>FLORENCE, CO 81226<br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Charles Daniel**<br>*Warden* | represented by | **J. Benedict Garcia**<br>U.S. Attorney's Office-Denver<br>1225 17th Street East<br>Seventeenth Street Plaza<br>#700<br>Denver, CO 80202<br>303-454-0100<br>Fax: 303-454-0404<br>Email: j.b.garcia@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Blake R. Davis**<br>*Warden* | represented by | **J. Benedict Garcia**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**J. C. Holland**
*A.W.*

**Defendant**

**Sara M. Revell**

*Warden*

**Defendant**

**J.M. Wilner**
*Warden,Unknown name-mailroom*
*supervisor, Unknown name-mailroom*
*staff*

**Defendant**

**L. J. Miusinic**
*A.W.*
*TERMINATED: 08/05/2010*

**Defendant**

**Teresa Montoya**
*Attorney. Unit Manager. Unknown*
*name mailroom staff*
*TERMINATED: 10/14/2010*

**Defendant**

**L. J. Musinic**
*A.W.*
*TERMINATED: 10/14/2010*

**Defendant**

**Unwin**
*Counselor*
*TERMINATED: 10/14/2010*

**Defendant**

**Wilner**
*Mrs. Unit Manager*
*TERMINATED: 10/14/2010*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/22/2010 | 1 | MOTION and Affidavit for Leave to Proceed Under 28 U.S.C. 1915 by Plaintiff Antoine Jones. (jak, ) (Entered: 03/31/2010) |
| 03/30/2010 | 2 | ORDER Directing Clerk to Commence Civil Action and Directing Plaintiff to Cure Deficiency. Plaintiff shall have 30 days to file a complaint and 1915 motion on the proper court forms, by Magistrate Judge Boyd N. Boland on 3/26/10. (jak, ) (Entered: 03/31/2010) |
| 03/30/2010 | 3 | COMPLAINT for Violations of Civil Rights against Blake R. Davis, filed by Antoine Jones. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5, # 5 Part 6, # 6 Part 7, # 7 Part 8, # 8 Part 9)(jak, ) (Entered: 03/31/2010) |
| 04/08/2010 | 4 | (AMENDED) COMPLAINT against Sara M. Revell, J.M. Wilner, Charles Daniels, A.W. Miusinic, Wilner, Teresa Montoya, filed by Antoine Jones. |

| | | (jjh, ) (Entered: 04/09/2010) |
|---|---|---|
| 04/08/2010 | 5 | MOTION and Affidavit for Leave to Proceed Under 28 U.S.C. 1915 by Plaintiff Antoine Jones. (jjh, ) (Entered: 04/09/2010) |
| 05/11/2010 | 6 | ORDER of Dismissal. Ordered that the Complaint and the action are dismissed without prejudice for failure to cure all deficiencies. Order denying as moot 5 Motion for Leave to Proceed in Forma Pauperis and denying as moot 1 Motion for Leave to Proceed in Forma Pauperis by Judge Christine M. Arguello on 05/10/10 for Zita Leeson Weinshienk(jjh, ) (Entered: 05/11/2010) |
| 05/11/2010 | 7 | JUDGMENT by Clerk in favor of Wilner, A.W. Miusinic, A.W.J.C Holland, Blake R. Davis, Charles Daniel, J.M. Wilner, Sara M. Revell, Teresa Montoya against Antoine Jones Pursuant to the Order of Dismissal signed on 05/10/10(jjh, ) (Entered: 05/11/2010) |
| 05/18/2010 | 8 | RESPONSE to 6 Order of Dismissal by Plaintiff Antoine Jones. (jjh, ) (Entered: 05/18/2010) |
| 05/28/2010 | 9 | ORDER Granting Motion to Reconsider. Ordered that the 05/11/10, dismissal order and judgment are vacated. Ordered that the Clerk of the Court is direcetd to reinstate and return this action to the pro se docket by Judge Christine M. Arguello on 05/28/10 for Zita Leeson Weinshienk(jjh, ) (Entered: 05/28/2010) |
| 06/01/2010 | 10 | ORDER Granting Leave to Proceed Pursuant to 28 U.S.C. 1915 by Magistrate Judge Boyd N. Boland on 06/01/10. (jjh, ) (Entered: 06/02/2010) |
| 07/01/2010 | 11 | PAYMENT RECEIVED from Antoine Jones in the amount of $ 35.00; Receipt Number 29252; Initial Payment. (jjh, ) (Entered: 07/01/2010) |
| 07/07/2010 | 12 | ORDER Directing Plaintiff to File Amended Complaint within 30 days by Magistrate Judge Craig B. Shaffer on 07/07/10. (jjh, ) (Entered: 07/07/2010) |
| 07/21/2010 | 13 | PAYMENT RECEIVED from Antoine Jones in the amount of $ 5.00; Receipt Number 29781; Monthly Payment. (jjh, ) (Entered: 07/21/2010) |
| 08/05/2010 | 14 | AMENDED COMPLAINT against Charles Daniel, Blake R. Davis, A.W.J.C Holland, Teresa Montoya, Sara M. Revell, Wilner, J.M. Wilner, A.W.L.J. Musinic, filed by Antoine Jones. (Attachments: # 1 attachment to Complaint) (jjh, ) (Entered: 08/06/2010) |
| 08/16/2010 | 15 | PAYMENT RECEIVED from Antoine Jones in the amount of $ 10.00; Receipt Number 30433; Monthly Payment. (jjh, ) (Entered: 08/16/2010) |
| 08/17/2010 | 16 | ORDER Directing Plaintiff to File Second and Final Amended Complaint within 30 days by Magistrate Judge Boyd N. Boland on 08/17/10. (jjh, ) (Entered: 08/17/2010) |
| 08/26/2010 | 17 | LETTER by Plaintiff Antoine Jones. (jjh, ) (Entered: 08/26/2010) |
| 08/26/2010 | 18 | (AMENDED) COMPLAINT against Charles Daniel, Blake R. Davis, J. C. Holland, Teresa Montoya, L. J. Musinic, Sara M. Revell, Wilner, J.M. Wilner, filed by Antoine Jones.(jjh, ) (Entered: 08/26/2010) |

| 09/20/2010 | 19 | PAYMENT RECEIVED from Antoine Jones in the amount of $ 20.00; Receipt Number 31425; Monthly Payment. (jjh, ) (Entered: 09/20/2010) |
|---|---|---|
| 10/13/2010 | 20 | ORDER to Dismiss in Part and to Draw Case to A District Judge and a Magistrate Judge. Plaintiff's second and fourth claims are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). Defendant L.J. Musinic, Mrs. Wilner, Teresa Montoya, and Counselor Unwin are dismissed as parties to this action because the claims against them are legally frivolous. This case shall be drawn to a district judge and to a magistrate judge. By Judge Christine M. Arguello for Judge Zita L. Weinshienk on 10/13/2010. (sah, ) (Entered: 10/14/2010) |
| 10/15/2010 | 21 | Letter from Clerk of Court advising of case assignment to Judge Blackburn. (sah, ) (Entered: 10/15/2010) |
| 10/15/2010 | 22 | ORDER REFERRING CASE to Magistrate Judge Boyd N. Boland, for all matters, by Judge Robert E. Blackburn on 10/15/10. (rebsec, ) (Entered: 10/15/2010) |
| 10/15/2010 | 23 | ORDER Granting Service by the United States Marshal by Judge Robert E. Blackburn on 10/15/2010. (Attachments: # 1 Service of Process Form)(erv, ) (Modified on 10/18/2010 corrected filing date)(erv, ). (Entered: 10/18/2010) |
| 10/18/2010 | 24 | PAYMENT RECEIVED from Antoine Jones in the amount of $ 10.00; Receipt Number COX032180; Monthly Payment. (sah, ) (Entered: 10/20/2010) |
| 10/27/2010 | 26 | Summons Returned Unexecuted by United States Marshals Service as to J.M. Wilner. (sah, ) (Entered: 10/28/2010) |
| 10/27/2010 | 27 | SUMMONS Returned Executed by United States Marshals Service. Blake R. Davis served on 10/25/2010, answer due 11/15/2010. (sah, ) (Entered: 10/28/2010) |
| 10/27/2010 | 28 | SUMMONS Returned Executed by United States Marshals Service. Charles Daniel served on 10/25/2010, answer due 11/15/2010. (sah, ) (Entered: 10/28/2010) |
| 10/28/2010 | 25 | AFFIDAVIT/RETURN of Service of Complaint, Summons, upon United States Attorney's Office for the District of Colorado on 10/18/2010 (sah, ) (Entered: 10/28/2010) |
| 11/02/2010 | 29 | MOTION for Reconsideration re 20 Order and MOTION to Amend/Correct/Modify 14 Amended Complaint by Plaintiff Antoine Jones. (sah, ) (Entered: 11/02/2010) |
| 11/02/2010 | 30 | MEMORANDUM regarding 29 MOTION for Reconsideration re 20 Order, MOTION to Amend/Correct/Modify 14 Amended Complaint filed by Antoine Jones.Motions referred to Magistrate Judge Boyd N. Boland by Judge Robert E. Blackburn on 11/2/10. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED(rebsec, ) (Entered: 11/02/2010) |
| 11/04/2010 | 31 | AFFIDAVIT/RETURN of Service of Documents upon U.S. Attorney General on 10/29/2010 (sah, ) (Entered: 11/04/2010) |

| 11/08/2010 | 32 | SUMMONS Returned Executed by United States Marshals Service. Sara M. Revell served on 11/2/2010, answer due 11/23/2010. (sah, ) (Entered: 11/08/2010) |
|---|---|---|
| 11/10/2010 | 33 | ORDER :denying without prejudice 29 The plaintiffs Reconsideration Motion on Order to Dismiss in Part, and Appellant Requesting Leave to Amend Complaint, by Magistrate Judge Boyd N. Boland on 11/10/10. (bnbcd, ) (Entered: 11/10/2010) |
| 11/10/2010 | 34 | ORDER: On or before November 22, 2010, the BOP shall provide the court with the current address for defendant J.M. Wilner, if known, by Magistrate Judge Boyd N. Boland on 11/10/10. (bnbcd, ) (Entered: 11/10/2010) |
| 11/17/2010 | 35 | MOTION for Reconsideration re 10 Order by Defendants Charles Daniel, Blake R. Davis. (Attachments: # 1 Exhibit A-1, # 2 Exhibit A-2, # 3 Exhibit A-3, # 4 Exhibit A-4, # 5 Exhibit A-5, # 6 Exhibit A-6, # 7 Exhibit A-7) (Garcia, J.) (Entered: 11/17/2010) |
| 11/17/2010 | 36 | CERTIFICATE OF COMPLIANCE re 34 Order by Defendants Charles Daniel, Blake R. Davis. (Garcia, J.) (Entered: 11/17/2010) |
| 11/18/2010 | 37 | MEMORANDUM regarding 35 MOTION for Reconsideration re 10 Order filed by Charles Daniel, Blake R. Davis. Motions referred to Magistrate Judge Boyd N. Boland by Judge Robert E. Blackburn on 11/18/10. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED(rebsec, ) (Entered: 11/18/2010) |
| 11/18/2010 | 38 | PAYMENT RECEIVED from Antoine Jones in the amount of $ 10.00; Receipt Number 033015; Monthly Payment. (mnf2, ) (Entered: 11/19/2010) |
| 11/19/2010 | 39 | ORDER TO SHOW CAUSE: The plaintiff shall show cause, if any there be, in writing and on or before December 17, 2010, why this case should not be dismissed for failure to comply with the district judges order in Jones v. Lieber, 10-cv-0768-UNA (D.D.C. May 13, 2010). D.C.COLO.LCivR 41.1. The plaintiffs failure to respond to this Order to Show Cause or to show cause will result in my recommendation that the case be dismissed without prejudice, by Magistrate Judge Boyd N. Boland on 11/19/10. (bnbcd, ) (Entered: 11/19/2010) |
| 11/22/2010 | 40 | RESPONSE to 33 Order on Motion for Reconsideration, Order on Motion to Amend/Correct/Modify by Plaintiff Antoine Jones. (sah, ) (Entered: 11/22/2010) |
| 11/24/2010 | 41 | RESPONSE to 35 MOTION for Reconsideration re 10 Order filed by Plaintiff Antoine Jones. (jjh, ) (Entered: 11/26/2010) |
| 11/29/2010 | 42 | SURREPLY re 35 MOTION for Reconsideration re 10 Order filed by Plaintiff Antoine Jones. (sah, ) (Entered: 11/29/2010) |
| 12/01/2010 | 43 | Supplemental Motion by Plaintiff Antoine Jones. (sah, ) (Entered: 12/01/2010) |
| 12/01/2010 | 44 | SUMMONS Returned Executed by United States Marshals Service. J. C. Holland served on 11/22/2010, answer due 12/13/2010. (sah, ) (Entered: |

| | | 12/01/2010) |
|---|---|---|
| 12/01/2010 | 45 | MEMORANDUM regarding 43 MOTION for Order to filed by Antoine Jones. Motions referred to Magistrate Judge Boyd N. Boland by Judge Robert E. Blackburn on 12/1/10. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED(rebsec, ) (Entered: 12/01/2010) |
| 12/17/2010 | 46 | PAYMENT RECEIVED from Antoine Jones in the amount of $ 10.00; Receipt Number COX033779; Monthly Payment. (sah, ) (Entered: 12/17/2010) |
| 12/22/2010 | 47 | REPORT AND RECOMMENDATION that 35 Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis be granted and that this action be dismissed without prejudice pursuant to Rule 41.1, for failure to comply with the district judge's order in Jones v. Lieber, 10-cv-0768-UNA (D.D.C. May 13, 2010), by Magistrate Judge Boyd N. Boland on 12/22/10. (mnf, ) (Entered: 12/22/2010) |
| 12/23/2010 | 48 | MOTION for Extension of Time to File Answer or Otherwise Respond re 4 Amended Complaint, 3 Complaint by Defendants Charles Daniel, Blake R. Davis. (Attachments: # 1 Proposed Order (PDF Only))(Garcia, J.) (Entered: 12/23/2010) |
| 12/23/2010 | 49 | MEMORANDUM regarding 48 MOTION for Extension of Time to File Answer or Otherwise Respond re 4 Amended Complaint, 3 Complaint filed by Charles Daniel, Blake R. Davis. Motion referred to Magistrate Judge Boyd N. Boland by Judge Robert E. Blackburn on 12/23/10. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED(rebcd) (Entered: 12/23/2010) |
| 12/27/2010 | 50 | MINUTE ORDER: granting 48 Motion for Extension of Time to Answer or Otherwise Respond. Charles Daniel answer due 2/22/2011; Blake R. Davis answer due 2/22/2011, by Magistrate Judge Boyd N. Boland on 12/27/10. (bnbcd, ) (Entered: 12/27/2010) |
| 01/05/2011 | 51 | MOTION for Extension of Time to File Response/Reply as to 47 REPORT AND RECOMMENDATIONS re 35 MOTION for Reconsideration re 10 Order filed by Charles Daniel, Blake R. Davis, by Plaintiff Antoine Jones. (sah, ) (Entered: 01/05/2011) |
| 01/06/2011 | 52 | MINUTE ORDER granting 51 Plaintiff's Motion For Extension of Time To File Response/Reply. Plaintiff shall have until 2/7/2011, in which to file his objections to the 47 Recommendation of United States Magistrate Judge, by Judge Robert E. Blackburn on 1/6/11.(mnf, ) (Entered: 01/06/2011) |
| 01/31/2011 | 53 | MOTION to Stay re 47 REPORT AND RECOMMENDATIONS re 35 MOTION for Reconsideration re 10 Order filed by Charles Daniel, Blake R. Davis filed by Charles Daniel, Blake R. Davis by Defendants Charles Daniel, Blake R. Davis. (Garcia, J.) Modified on 2/1/2011 to remove repetitive text (sah2, ). (Entered: 01/31/2011) |
| 02/01/2011 | 54 | MEMORANDUM regarding 53 MOTION to Stay re 47 REPORT AND RECOMMENDATIONS re 35 MOTION for Reconsideration re 10 Order filed by Charles Daniel, Blake R. Davis filed by Charles Daniel, Blake R. |

| | | |
|---|---|---|
| | | Davis. Motions referred to Magistrate Judge Boyd N. Boland by Judge Robert E. Blackburn on 2/1/11. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED(rebsec, ) Modified on 2/2/2011 to remove repetitive text (sah2, ). (Entered: 02/01/2011) |
| 02/08/2011 | 55 | OBJECTION to 47 Report and Recommendations filed by Plaintiff Antoine Jones. (sah, ) (Entered: 02/09/2011) |
| 04/25/2011 | 56 | MOTION for Status of Civil Action by Plaintiff Antoine Jones. (sah, ) (Entered: 04/25/2011) |
| 04/25/2011 | 57 | MEMORANDUM regarding 56 MOTION for Order to filed by Antoine Jones. Motions referred to Magistrate Judge Boyd N. Boland by Judge Robert E. Blackburn on 4/25/11. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED(rebsec, ) (Entered: 04/25/2011) |
| 06/10/2011 | 58 | MINUTE ORDER granting Plaintiff's 43 Supplemental Motion; denying as moot Defendant's 53 Motion to Stay; denying as moot Plaintiff's 56 Motion Requesting Status, by Judge Robert E. Blackburn on 6/10/11.(lsw, ) (Entered: 06/10/2011) |
| 06/14/2011 | 59 | ORDER. The Recommendation of United States Magistrate Judge 47 filed 12/22/2010, is APPROVED AND ADOPTED. The objections stated in plaintiffs Response to Recommendation of United States Magistrate Judge 55 filed February 8, 2011, are OVERRULED. Defendants Motion to Reconsider Order Granting Plaintiffs Motion for Leave to Proceed In Forma Pauperis 35 filed 11/17/2010, is GRANTED. This case is DISMISSED WITHOUT PREJUDICE. By Judge Robert E. Blackburn on 6/14/2011. (sah, ) (Entered: 06/14/2011) |
| 06/16/2011 | 60 | FINAL JUDGMENT by Clerk. Pursuant to the Order Adopting Recommendation of the United States Magistrate Judge 59 this case is DISMISSED WITHOUT PREJUDICE. Signed by Clerk on 6/16/2011. (sah, ) (Entered: 06/16/2011) |
| 06/20/2011 | 61 | MOTION to Resolve and Settle this Complaint without Monetary Damages by Plaintiff Antoine Jones. (sah, ) (Entered: 06/20/2011) |
| 06/21/2011 | 62 | MEMORANDUM regarding 61 MOTION for Order to filed by Antoine Jones. Motions referred to Magistrate Judge Boyd N. Boland by Judge Robert E. Blackburn on 6/21/11. TEXT ONLY ENTRY - NO DOCUMENT ATTACHED(rebsec, ) (Entered: 06/21/2011) |
| 06/21/2011 | 63 | MINUTE ORDER denying as moot 61 Motion to Resolve and Settle this Complaint Without Monetary Damages, by Magistrate Judge Boyd N. Boland on 06/21/2011.(wjc, ) (Entered: 06/21/2011) |
| 06/24/2011 | 64 | MISDIRECTED NOTICE OF APPEAL as to 59 Order on Motion for Reconsideration,, Order on Report and Recommendations, 60 Clerk's Judgment by Plaintiff Antoine Jones. Fee Status: Fee not paid; 1915 motion not filed. Notice mailed to all counsel on 06/29/11. (Attachments: # 1 Envelope)(bjrsl, ) (Entered: 06/29/2011) |
| 06/27/2011 | 65 | USCA LETTER re: 64 Notice of Appeal by Plaintiff Antoine Jones. District |

| | | court is requested to process this appeal as of 06/24/11. (bjrsl, ) (Entered: 06/29/2011) |
|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00726-REB-BNB

ANTOINE JONES,

Plaintiff,

v.

SARA M. REVELL,
BLAKE R. DAVIS,
J.M. WILNER,
CHARLES DANIEL,
J.C. HOLLAND,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before me on the **Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*** [Doc. #35, filed 11/17/2010] (the "Motion") and my Order to Show Cause [Doc. #39, issued November 19, 2010]. I respectfully RECOMMEND that the Motion be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE.

The plaintiff is currently incarcerated by the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado. He initiated this action by filing a *pro se* civil rights complaint [Doc. #3] and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. #1]. On June 1, 2010, I entered an order [Doc. #10] granting the plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The defendants request that I reconsider and vacate my order allowing the plaintiff to proceed *in forma pauperis* because the plaintiff has received at least five "strikes" under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  Section 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

My review of the court records attached to the Motion indicates that the plaintiff has filed at least six lawsuits in a court of the United States while he was incarcerated, and that at least three of the complaints were dismissed as frivolous or for failure to state a claim.  Jones v. Delaney, 610 F.Supp.2d, 46 (D.D.C. 2009) (dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A); Jones v. Lieber, 606 F.Supp.2d 53 (D.D.C. 2009) (dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii)); Jones v. Horne, No. 07-cv-1300-RJL, 2008 WL 2202375 (D.D.C. May 27, 2008) (dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994)); Jones v. Gikas, No. 07-cv-1068-RJL, 2008 WL 22022664 (D.D.C. May 27, 2008) (dismissed pursuant to Heck v. Humphrey); Jones v. Kirchner, No. 07-cv-1063-RJL, 2008 WL 2202220 (D.D.C. May 27, 2008) (dismissed pursuant to Heck v. Humphrey); and Jones v.Yanta, No. 07-cv-1172-RJL, 2008 WL 2202219 (D.D.C. May 27, 2008) (dismissed pursuant to Heck v. Humphrey).

In addition, a United States district judge has found that the plaintiff has accumulated more than three strikes for purposes of the PLRA and that the plaintiff no longer qualified for *in*

*forma pauperis* status unless he can demonstrate that he is in imminent danger of serious

physical injury.  Jones v. Lieber, 10-cv-0768-UNA (D.D.C. May 13, 2010).  Consequently, the

plaintiff may proceed *in forma pauperis* in this action only if he is "under imminent danger of

serious physical injury."  28 U.S.C. § 1915(g).

I look to the allegations in the plaintiff's third amended complaint [Doc. #18] (the

"Complaint") to determine whether the plaintiff is "under imminent danger of serious physical

injury."  Fuller v. Myers, 123 Fed.Appx. 365, 366 (10th Cir. 2005).  Because the plaintiff is

proceeding *pro se*, I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-

21 (1972).  "To meet his burden under § 1915(g), the inmate must provide specific fact

allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

likelihood of imminent serious physical injury."  Fuller, 123 Fed.Appx. at 366 (internal

quotations and citation omitted).  "Vague or conclusory allegations of harm are insufficient."  Id.

In his Complaint, the plaintiff alleges that prison officials confiscated legal materials and

opened his legal mail.  These allegations are not "specific fact allegations of ongoing serious

physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious

physical injury," and they do not establish that the plaintiff is "under imminent danger of serious

physical injury." 28 U.S.C. § 1915(g).

Consequently, I ordered the plaintiff pursuant to Local Rule of Practice 41.1,

D.C.COLO.LCivR,[1] to show cause why this case should not be dismissed for failure to comply

---

[1]Rule 41.1 provides:

A judicial officer may issue an order to show cause why a case

with the district judge's order in <u>Jones v. Lieber</u>, 10-cv-0768-UNA (D.D.C. May 13, 2010).  I

warned the plaintiff that his failure to show cause would result in my recommendation that the

case be dismissed without prejudice.

 The plaintiff subsequently filed three papers which address this issue.  The plaintiff

argues that <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), is no longer a bar to four of the cases that

were dismissed because the plaintiff has succeeded in overturning his conviction.  *Plaintiff*

*Opposing Defendants' Motion to Reconsider . . .* [Doc. #41]; *Plaintiff (second) Response to*

*Defendant Motion to Reconsider . . .* [Doc. #42].  The record shows, and the plaintiff admits, that

a district court dismissed four separate complaints pursuant to <u>Heck v. Humphrey</u> on May 27,

2008.  *Motion*, Documents 35-3, 35-4, 35-5, and 35-6; *Supplemental Motion* [Doc. #43], p. 3;[2]

*Plaintiff Opposing Defendants' Motion to Reconsider . . .* [Doc. #41], p. 2.

 In <u>Heck</u>, the Supreme Court held that if a judgment for damages favorable to a prisoner

in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or

sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or

called into question by the issuance of a federal habeas writ.  <u>See</u> <u>Heck</u>, 512 U.S. at 486-87.

---

should not be dismissed for lack of prosecution or for failure to
comply with these rules, the Federal Rules of Civil Procedure, or
any court order.  If good cause is not shown within the time set in
the show cause order, a district judge or a magistrate judge
exercising consent jurisdiction may enter an order of dismissal
with or without prejudice.

[2]I cite to the page numbers of the plaintiff's papers as assigned by the court's docketing
system.

4

The plaintiff cites <u>United States v. Maynard</u>, 615 F.3d 544 (D.C. Cir. 2010), to show that

his conviction was overturned.  According to <u>Maynard</u>, the plaintiff was convicted in January

2008.  <u>Id.</u> at 549.  The conviction was not overturned until August 6, 2010.  <u>Id.</u> at 568.    Thus,

the four cases were barred by <u>Heck</u> at the time they were dismissed on May 27, 2008, and the

strikes were properly assessed.  The subsequent reversal of the plaintiff's conviction does not

erase the fact that he lacked a valid cause of action at the time the four cases were filed.

The plaintiff next argues that the law does not allow assessment of a strike in a case

dismissed pursuant to <u>Heck</u>.  *Supplemental Motion* [Doc. #43], pp. 2-4.  To the contrary, many

courts have held that <u>Heck</u> dismissals are "strikes" for purposes of § 1915(g) even though they

are dismissals without prejudice.  As stated by the court in <u>Ransom v. Westphal</u>, No. 1:08-

1327DMS(AJB), 2010 WL 1494557 (E.D. Cal. 2010 April 14, 2010):

> The Supreme Court in <u>Heck</u> stated its ruling was based on a denial
> of "the existence of a cause of action."  <u>Heck</u>, 512 U.S. at 489.
> Other courts have therefore expressed the opinion that a <u>Heck</u>
> dismissal is based on a claim that is frivolous or fails to state a
> claim upon which relief can be granted and amounts to a strike.
> <u>See</u> <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102 (5th Cir.1996) ("A § 1983
> claim which falls under the rule in <u>Heck</u> is legally frivolous.");
> <u>Sandles v. Randa</u>, 945 F.Supp. 169, 172 (E.D.Wis., 1996)
> (dismissal of claim under <u>Heck</u> is frivolous and constitutes strike
> under § 1915(g)); <u>Okorov. Bowman</u>, 164 F.3d 1059, 1061 (7th
> Cir.1999) (commenting that previous case dismissed as frivolous
> under <u>Heck</u> ); <u>Schafer v. Moore</u>, 46 F.3d 43 (8th Cir.1995)
> ("Therefore, in light of <u>Heck,</u> the complaint was properly
> dismissed for failure to state a claim."); <u>Franklin v. Cody</u>, slip
> copy at *6, n. 3, 2010 WL 330348 (E.D.Ark.2010) ("Dismissals
> pursuant to <u>Heck</u> are 'strikes' for the purpose of § 1915(g), even
> though they are dismissals without prejudice.").

<u>Id.</u> at *3.

Indeed, this district has recognized a dismissal under <u>Heck</u> as a strike, <u>Hatten v. Andert</u>, No. 10-cv-00601-CMA-MJW, 2010 WL 4054185 (D.Colo. Oct. 14, 2010), and the circuit court has affirmed a district court's decision to dismiss a complaint in part under <u>Heck</u> as frivolous under § 1915(b)(1) and as a strike under § 1915(g).  <u>Webber v. Weaver</u>, 6 Fed.Appx. 706 (10th Cir. March 9, 2001).  <u>See</u> <u>also</u> <u>McCone v. Wyoming Attorney General</u>, 16 Fed.Appx. 977 (10th Cir. Aug. 14, 2001) (upholding the district court's dismissal of the complaint in part pursuant to <u>Heck</u> and its assessment of a strike under § 1915(g)).

The plaintiff further argues that he voluntarily withdrew the complaint in <u>Jones v. Delaney</u>, 610 F.Supp.2d, 46 (D.D.C. 2009) (dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915A), and therefore the <u>Delaney</u> case should not count as a strike against him.  *Plaintiff Opposing Defendants' Motion to Reconsider . . .* [Doc. #41], p. 3; *Supplemental Motion* [Doc. #43], p. 4.  The record shows that the plaintiff had more than three strikes against him regardless of whether <u>Delaney</u> is counted as a strike.

Finally, the plaintiff asserts that he is in imminent danger because his legal mail continues to be opened by prison staff and he "could be in danger of retaliation by the mail room staff, and they could continues [sic] violating plaintiff [sic] constitutional rights because plaintiff is broke, poor, and have [sic] only 1 [cent] in his account."  *Plaintiff (second) Response to Defendant Motion to Reconsider . . .* [Doc. #42], pp. 3-4.  The plaintiff has failed to provide "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Therefore, he has failed to establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plaintiff admits that he cannot pay the filing fee in full. *Plaintiff Opposing Defendants' Motion to Reconsider . . .* [Doc. #41], p. 5. Accordingly,

I respectfully RECOMMEND that the Motion be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41.1 for failure to comply with the district judge's order in Jones v. Lieber, 10-cv-0768-UNA (D.D.C. May 13, 2010).

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 22, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-00726-REB-BNB

ANTOINE JONES,

     Plaintiff,

v.

SARA M. REVELL,
BLAKE R. DAVIS,
J.M. WILNER,
CHARLES DANIEL,
J.C. HOLLAND,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF,

     Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

     The matters before me are (1) the **Defendants' Motion To Reconsider Order
Granting Plaintiff's Motion for Leave To Proceed *In Forma Pauperis*** [#35][1] filed
November 17, 2010; (2) the **Recommendation of United States Magistrate Judge**
[#47] filed December 22, 2010; and (3) plaintiff's **Response to Recommendation of
United States Magistrate Judge** [#55] filed February 8, 2011, which I read as an
objection to the recommendation.  I overrule the objection, adopt the recommendation,
grant the motion to reconsider, and dismiss this case without prejudice.

---

[1]  "[#35]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed and have considered carefully the recommendation, objections, and applicable caselaw.  Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  The recommendation is detailed and well-reasoned, and, thus, I approve and adopt it as an order of this court.

As discussed by the magistrate judge, the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from bringing a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it is frivolous, malicious, or failed to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  The magistrate judge concluded appropriately that before filing this case and while incarcerated, the plaintiff had brought three or more actions that were dismissed as frivolous or for failure to state a claim on which relief can be granted.  As a result, the magistrate judge concluded that his previous order [#10] granting the plaintiff leave to proceed *in forma pauperis* in this case should be reconsidered and that this case should be dismissed based on the plaintiff's failure to comply with the § 1915(d) requirements imposed on the plaintiff in a previous case, **Jones v. Lieber**, Civil Action No. 10-cv-00768 (D.D.C., Memorandum Opinion, May 13, 2010).

The plaintiff argues in his objection to the magistrate judge's recommendation that dismissals of his previous cases based on the holding in *Heck v. Humphrey* should not count as dismissals or strikes under § 1915(d). *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment in favor of the plaintiff in a civil case necessarily would imply the invalidity of the plaintiff's prior conviction or sentence, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *See Heck*, 512 U.S. at 486-87. As noted by the magistrate judge, relevant caselaw holds that dismissals based on *Heck* are strikes for purposes of § 1915(g). *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 - 1313 (10th Cir. 2011) (holding that dismissals based on prematurity under *Heck* are for a failure to state a claim and, therefore, count as a strike against the prisoner under "three strikes" provision of § 1915(d)).

As detailed by the magistrate judge, four previous cases filed by the plaintiff while he was incarcerated were dismissed based on *Heck*. Two cases previously filed by the defendant while he was incarcerated were dismissed for failure to state a claim. On May 7, 2010, United States District Judge Colleen Kollery-Kotelly outlined the plaintiff's litigious history and concluded that the plaintiff no longer qualifies to file cases *in forma pauperis* under § 1915(d), absent a threat of imminent physical injury. *Jones v. Lieber*, Civil Action No.10-cv-00768-UNA (D.D.C. May 13, 2010) (Memorandum Opinion). Despite Judge Kollery-Kotelly's order, the plaintiff again sought to proceed *in forma pauperis* in this case. I agree with the conclusion of the magistrate judge that plaintiff no longer qualifies to file a case in this court acting *in forma pauperis* unless the plaintiff alleges ongoing or serious physical injury. The plaintiff makes no such allegations in this case. The plaintiff's objections [#55] to the magistrate's recommendation are

without merit and do not present any valid challenge to the conclusions of the

magistrate judge. Therefore, I find and conclude that the arguments advanced,

authorities cited, and findings of fact, conclusions of law, and recommendation

proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#47] filed

December 22, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Response to Recommendation of**

**United States Magistrate Judge** [#55] filed February 8, 2011, are **OVERRULED**;

3. That defendant's **Motion to Reconsider Order Granting Plaintiff's Motion**

**for Leave to Proceed** *In Forma Pauperis* [#35] filed November 17, 2010, is

**GRANTED**; and

4. That this case is **DISMISSED WITHOUT PREJUDICE**.

Dated June 14, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00726-REB-BNB

ANTOINE JONES,

     Plaintiff,

v.

SARA M. REVELL,
BLAKE R. DAVIS,
J.M. WILNER,
CHARLES DANIEL,
J.C. HOLLAND,
L.J. MUSINIC,
MRS. WILNER,
TERESA MONTOYA,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF,
COUNSELOR UNWIN ,

     Defendants.

---

## FINAL JUDGMENT

---

    I.  Pursuant to Fed. R. Civ. P. 58(a) and the **Order To Dismiss in Part ant To Draw Case to a District Judge and a Magistrate Judge** [#20] entered by Judge Christine M. Arguello for Senior Judge Zita L. Weinshienk on October 13, 2010, which order is incorporated by reference,

    **IT IS ORDERED** as follows:

    A.  That the Plaintiff's second and fourth claims are **DISMISSED** as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

    B.  That Defendants L.J. Musinic, Mr. Wilner, Teresa Montoya and Counselor

Unwin are **DISMISSED** as parties to this action because the claims against them are

legally frivolous.

II.  Pursuant to the **Order Adopting Recommendation of the United States**

**Magistrate Judge** [#59] entered by Judge Robert E. Blackburn on June 14, 2011, which

order is incorporated by reference,

**IT IS ORDERED** as follows:

A.  That the **Recommendation of United States Magistrate Judge** [#47] filed

December 22, 2010, is **APPROVED AND ADOPTED** as an order of this court;

B.  That the objections stated in plaintiff's **Response to Recommendation of**

**United States Magistrate Judge** [#55] filed February 8, 2011, are **OVERRULED**;

C.  That defendant's **Motion to Reconsider Order Granting Plaintiff's Motion**

**for Leave to Proceed *In Forma Pauperis*** [#35] filed November 17, 2010, is **GRANTED**;

and

D.  That this case is **DISMISSED WITHOUT PREJUDICE**.


Dated at Denver, Colorado, this ___16th___ day of June 2011.

FOR THE COURT:

GREGORY C. LANGHAM, CLERK


By: s/ Edward P. Butler
Edward P. Butler, Deputy Clerk

P61

In The United States court of Appeal
for the ( 10th circuit )

civil Action no. 10-cv-00726-AEB-BNB
Antoine Jones
        Plaintiff

V
Charles Daniel
Blake R. Davis
J.M. wilner
J.C. Holland
unknown name mail Room supervisor
unknown name mail Room-staff

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 24 2011

GREGORY C. LANGHAM
CLERK

Notice of Appeal

APPELLANT's come to this court Requesting
Leave to File A notice of APPEAL,
APPEALing Honorable Judge Robert
E. BLACKBURN July 14 2011 decision
to dismiss plaintiff case without
Prejudice.

Honorable Judge BLACKburn decision
And Opion is A GReat ERRor And
APPELLANt is Requesting this
APPEAL court to REVERSE Judge
BLACKburn ERRoneous decision

P62

## APPellAnt PROSE ARgument

APPellAnt Will Point out that Judge BlAck burn And the MAgistrate Judge OPion WAS oFF the MARK And both, mis interPret And misRePResented tHe cAseLAw in Heck v. HumPHRey RelAting to APPellAnt civil Rights comPlAints.

APPellAnt ReFeR the APPeAl couRt to (ExHibit #1). ORDER ADoPting RecommendAtion of the United StAtes MAGistRAte Judge.

In this ORDER HonoRAble Judge BlAck buRn ERRED by dismissing PlAintiFF cAse with out PRejudice.

On PAGE 3 of the ORDeR, the couRt HAS out Line And Point out the Relevant FActs thAt sHow the OPion WAS A GReAt ERROR. THe OPions ReAds: THe PlAintiFF ARgues in His Objection to the MAGistRAte Judge RecommendAtion thAt dismissAl of His PRevious cAses bAseD on the Holding in Heck v. Humphrey should not count As dismissAls oR stRikes undeR § 1915 (D).

In Heck V Humphrey, the "SUPREME" COURT" Held that if a Judgment in FAVOR of the Plaintiff in a civil case necessary would imply the invalidity of the plaintiff's prior conviction or sentence, then the complaint must be dismissed "unless the plaintiff can demonstrate that the conviction or sentence Already has been invalidated" SEE Heck, 512 US At 486-87.

Judge BlackBurn Also Erred with His misinterpretation And misRepresentation of the case He cited (Smith V. Veterans Admin, 636 f.36, 1306, 1312-1313 (10th Cir 2011)

Not only was the court off the Mark, Smith V. Veterans Admin Hold No Relevant in Relating to Appellant Heck V. Humphrey Argument.
That case Relates only to dismissal based on Prematurity under Heck, Are for a "failure to state A claim"

The court Has conceded, on Page

Pb 4

3 of it's opion, states that Appellant
only Has two civil complaint dismiss
due to <u>FALURE to state a claim</u>.
   THE court writes: <u>Two cases</u>
<u>Previously filed by the defendant's</u>
<u>While He was incarcerated were</u>
<u>dismissed for failure to state a claim.</u>

   Then the court Reference on
Appellant dismiss civil complaint
(Jones V. Lieber -cv-no-10-00768-U.N.A
D.N.C May 13 2010)

   The crucial point the district court
Has miss, was this <u>May 13 2010</u>
<u>decision and ORDER was decided</u>
<u>Almost three month before appellant</u>
<u>Life conviction was overturn</u>. See
(united state V. Maynard 615 f.3D 544,
August 6 2010) and RE-affirmed in
(united state V. Jones 625 f3D 766 -
november 19 2010).

   Even if the District court tries to
use <u>Jones V Lieber</u> (Exhibit #2).
   The opion out line that Appellant
only Has "<u>two cases dismiss due to</u>

FAILURE to STATE A CLAIM UPON WHICH
Relief CAN be gRANted ( Jones V. Lieber
606 F. SUPP 2D 53 - DDC 2009) And ( Jones
V. DeLaney 610 F. SUPP. 2D 46 D.D.C 2009).
   THIS SUPPORT APPellANT ARgument He
ONLY HAS "two strikes" AgAinst HIM,
becAuse civil cAse no. 02-1300-RJL,
no. 0763-RJL, no. 07-1172-RJL, no. 07-
1068-RJL, All sHould be Reinstated
AFter proof of APPellANt ReveRSAL
in His direct APPeal.

   Heck V. HumPHRey

   THe "SUPREME COURT" CASE LAW in
Heck V. HumPHRey is so simple thAt
even A LAymAn Like myself could
understAnd the cAse LAW And LegAl
LAnguAge.

   THe Heck V HumPHRey supREme court
cAse LAW tRump And over Rule the cAse
LAW in the 10th circuit cAse (smith
V. veterAns Admin.), once APPellAnt
conviction WAS Reverse on His direct APPeal.
   APPellAnt vAcAted sentence superseded

tHe Language in smith v. veterans
Admin, wHicH clearly Leave Appellant
with only "two str<u>Aikes</u>"

(Exhibit #3 - Honorable Judge Leon
memoRandum opion)
   Appellant only submitted Just one of
Judge Leon opion, Judge leon dismiss
the four mention civil complaint, All
on <u>may 27 2008</u>, And all four opions
ARe identical in His Legal Language.

   In All four of Judge Leon decision
And opions, He cleARly states that
PLAINtiff is A pRisoneR Recently
"convicteD" And "sentence" to Life in
PRison for conspiRAcy to distribute
And possession with intent to distribute
cocAine. WHile AWAiting tRiAL PLAintiff
filed this Action foR A civil Right ~~Abate~~
violAtion.

   THE couRt UPon sua sPonte Review will
<u>dismiss the PLAintiff PRose complAint</u>
under the Rule Announced in
Hecn V. HumpHRey 512 US 477, 114 S.ct
2364, 129 LiED 20 383 (1994) AnD APPLied

P 67

to Bivens Action in Williams V. Hill 316 US APP D.C. - 28, 74 F.3D 1339, 1340-41 (DC CIR 1996)

Appellant carefully view the District court opion and there is no where in the two page opion where it mention that these four civil complaint was dismiss due to "Failure to state a claim which upon Relief can be granted, Judge Leon dismiss the four civil complaints because plaintiff has been convicted and sentence to life in prison, And "that a civil tort action are not appropriate vehicle for challenging the validity of an outstanding criminal Judgment

The language and caselaw in Judge Leon opion is simple, clear and convincing that all four of appellant civil Rights complaint should be Reinstated and not count as strikes.

The opion reads: The "supreme court" concluded that the Hoary principle that civil tort action are not appropriate vehicle for challenging the validy of outstanding cminal Judgment applies to § 1983 damages action that necessary require the plaintiff to prove

P 6 8

the unlawful of His conviction or confinement " ID At 486 According, in Order to Recover damages From Allegedly unconstitutional confinement or imprisonment, or for other Harm caused by Actions whose unlawfulness would render <u>A conviction</u> or <u>sentence invalid</u>, <u>A § 1983 Plaintiff must prove that the conviction or sentence Has been Reversed on direct Appeal.</u>

It is obvious that Appellant <u>conviction</u> And <u>Life sentence</u> Has been <u>Reversed on direct Appeal</u>, And the four mention civil Right complaint should be Reinstated, And not count As strikes.

<u>Conclusion</u>

Appellant will submit ( Exhibit # 4) A page from <u>Heck v. Humphrey</u> case, where the case Law clearly support Appellant Argument that the Past four cases was dismiss by Judge Leon, citing <u>Heck v. Humphrey</u>,

P 6 9

now that Appellant conviction was overturn and sentence being vacated, the four civil complaint shouldn't count as strikes and Appellant should be able to proceed in forma pauperis.

Heck v. Humphrey case law reads:
A claim for an allegedly unconstitutional conviction or imprisonment or for other action whose unlawfulness would render a conviction or sentence invalid is not cognizable under 42 u.s.c.s § 1983 "unless the plaintiff proves that the conviction or sentence has been reversed on direct appeal.

Appointment of counsel

Appellant is indigent, has no legal education or legal training, unskilled in Appellant procedures, and is humbly requesting for a proffessional attorney or amicus to represent Appellant in arguing this issue in this court.

P b 10

Respectfully   Submitted

Antoine Jones                    Sign: Antoine Jones
18600-01b                        Date 6-20-2011
USP Florence
PO Box 7000
Florence CO 81226

Certificate of service

I Antoine Jones sent this 9-page
notice of appeal motion through
U.S.P mail Room on 6-21-2011 to:

Assistant United States Attorney
Benedict J. Garcia
1225 seventeenth st  Suite 700
Denver CO 80202

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 10-cv-00726-REB-BNB

ANTOINE JONES,

     Plaintiff,

v.

SARA M. REVELL,
BLAKE R. DAVIS,
J.M. WILNER,
CHARLES DANIEL,
J.C. HOLLAND,
UNKNOWN NAME MAILROOM SUPERVISOR,
UNKNOWN NAME MAILROOM STAFF,

     Defendants.

---

## ORDER ADOPTING RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

---

Blackburn, J.

     The matters before me are (1) the **Defendants' Motion To Reconsider Order
Granting Plaintiff's Motion for Leave To Proceed *In Forma Pauperis* [#35]**[1] filed
November 17, 2010; (2) the **Recommendation of United States Magistrate Judge
[#47]** filed December 22, 2010; and (3) plaintiff's **Response to Recommendation of
United States Magistrate Judge [#55]** filed February 8, 2011, which I read as an
objection to the recommendation.  I overrule the objection, adopt the recommendation,
grant the motion to reconsider, and dismiss this case without prejudice.

---

    [1]  "[#35]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed and have considered carefully the recommendation, objections, and applicable caselaw. Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). The recommendation is detailed and well-reasoned, and, thus, I approve and adopt it as an order of this court.

As discussed by the magistrate judge, the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from bringing a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it is frivolous, malicious, or failed to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. The magistrate judge concluded appropriately that before filing this case and while incarcerated, the plaintiff had brought three or more actions that were dismissed as frivolous or for failure to state a claim on which relief can be granted. As a result, the magistrate judge concluded that his previous order [#10] granting the plaintiff leave to proceed *in forma pauperis* in this case should be reconsidered and that this case should be dismissed based on the plaintiff's failure to comply with the § 1915(d) requirements imposed on the plaintiff in a previous case, *Jones v. Lieber, Civil Action* No. 10-cv-00768 (D.D.C., Memorandum Opinion, May 13, 2010).

2

The plaintiff argues in his objection to the magistrate judge's recommendation that dismissals of his previous cases based on the holding in *Heck v. Humphrey* should not count as dismissals or strikes under § 1915(d). *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that if a judgment in favor of the plaintiff in a civil case necessarily would imply the invalidity of the plaintiff's prior conviction or sentence, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. *See Heck*, 512 U.S. at 486-87. As noted by the magistrate judge, relevant caselaw holds that dismissals based on *Heck* are strikes for purposes of § 1915(g). *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 - 1313 (10th Cir. 2011) (holding that dismissals based on prematurity under *Heck* are for a failure to state a claim and, therefore, count as a strike against the prisoner under "three strikes" provision of § 1915(d)).

As detailed by the magistrate judge, four previous cases filed by the plaintiff while he was incarcerated were dismissed based on *Heck*. Two cases previously filed by the defendant while he was incarcerated were dismissed for failure to state a claim. On May 7, 2010, United States District Judge Colleen Kollery-Kotelly outlined the plaintiff's litigious history and concluded that the plaintiff no longer qualifies to file cases *in forma pauperis* under § 1915(d), absent a threat of imminent physical injury. *Jones v. Lieber*, Civil Action No.10-cv-00768-UNA (D.D.C. May 13, 2010) (Memorandum Opinion). Despite Judge Kollery-Kotelly's order, the plaintiff again sought to proceed *in forma pauperis* in this case. I agree with the conclusion of the magistrate judge that plaintiff no longer qualifies to file a case in this court acting *in forma pauperis* unless the plaintiff alleges ongoing or serious physical injury. The plaintiff makes no such allegations in this case. The plaintiff's objections [#55] to the magistrate's recommendation are

3

without merit and do not present any valid challenge to the conclusions of the

magistrate judge. Therefore, I find and conclude that the arguments advanced,

authorities cited, and findings of fact, conclusions of law, and recommendation

proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge [#47]** filed

December 22, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in plaintiff's **Response to Recommendation of**

**United States Magistrate Judge** [#55] filed February 8, 2011, are **OVERRULED**;

3. That defendant's **Motion to Reconsider Order Granting Plaintiff's Motion**

**for Leave to Proceed** *In Forma Pauperis* [#35] filed November 17, 2010, is

**GRANTED**; and

4. That this case is **DISMISSED WITHOUT PREJUDICE**.

Dated June 14, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

4

---

**ANTOINE JONES, Plaintiff, v. RACHEL LIEBER, et al., Defendants.**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
2010 U.S. Dist. LEXIS 48408
Civil Action No. 10 0768
May 7, 2010, Decided
May 13, 2010, Filed

---

**Counsel**        **ANTOINE JONES**, Plaintiff, Pro se, FLORENCE, CO.
**Judges:** Colleen Kollar-Kotelly, United States District Judge.

Opinion

**Opinion by:**        Colleen Kollar-Kotelly

Opinion

## MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed *in forma pauperis*. The application will be denied pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Smith v. District of Columbia*, 182 F.3d 25, 29, 337 U.S. App. D.C. 114 (D.C. Cir. 1999). "This section is referred to as the 'three strikes' rule." *Ibrahim v. District of Columbia*, 463 F.3d 3, 6, 373 U.S. App. D.C. 217 (D.C. Cir. 2006) (citing *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033, 341 U.S. App. D.C. 63 (D.C. Cir. 2000)). There is an exception for a prisoner who shows that he "is under imminent danger of serious physical injury" at the time he files suit. 28 U.S.C. § 1915(g).

Review of the Court's docket reveals that the plaintiff has accumulated more than three strikes. *Jones v. Delaney*, 610 F. Supp. 2d 46 (D.D.C. 2009) (dismissing under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted); *Jones v. Lieber*, 606 F. Supp. 2d 53 (D.D.C. 2009) (dismissing under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted), *appeal docketed*, No. 09-5128 (D.C. Cir. Apr. 16, 2009); *see Jones v. Horne*, No. 07-1300, 2008 U.S. Dist. LEXIS 41570, 2008 WL 2202375 (D.D.C. May 27, 2008) (dismissing under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)); *Jones v. Gikas*, No. 07-1068, 2008 U.S. Dist. LEXIS 41374, 2008 WL 2202264 (D.D.C. May 27, 2008) (same); *Jones v Kirchner*, No. 07-1063, 2008 U.S. Dist. LEXIS 41586, 2008 WL 2202220 (D.D.C. May 27, 2008) (same); *Jones v. Yanta*, No. 07-1172, 2008 U.S. Dist. LEXIS 41580, 2008 WL 2202219 (D.D.C. May 27, 2008) (same). 1

The plaintiff may proceed *in forma pauperis* only if he qualifies under the imminent danger exception. To make this determination, the Court looks to the complaint, construes it liberally and accepts its factual allegations as true. *See Ibrahim*, 463 F.3d at 6 (citation omitted).

Generally, the plaintiff alleges that the defendants seized several boxes of personal and business property from his former place of business, Club Level. He brings this action against the two

ylcases                                              1

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

ANTOINE JONES, Plaintiff, v. KAREN GIKAS et al., 1 Defendants.
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
2008 U.S. Dist. LEXIS 41374
Civil Action No. 07-1068 (RJL)
May 27, 2008, Decided
May 27, 2008, Filed

---

**Editorial Information: Prior History**

United States v. Jones, 2007 U.S. Dist. LEXIS 81738 (D.D.C., Nov. 5, 2007)

**Counsel**      **ANTOINE JONES**, Plaintiff, Washington, DC, Pro se.
For KATERINA GIKAS, SA, I.C.E., UNKNOWN I.C.E. AGENTS,
Defendants: Alexander Daniel Shoaibi, LEAD ATTORNEY, U.S. ATTORNEY'S OFFICE,
Washington, DC.

**Judges:** RICHARD J. LEON, United States District Judge.

Opinion

**Opinion by:**      RICHARD J. LEON

Opinion

---

<u>MEMORANDUM OPINION</u>

Plaintiff is a prisoner recently convicted and sentenced to life in prison for conspiracy to distribute and possession with intent to distribute cocaine. While awaiting trial, plaintiff filed this action for civil rights violations seeking $ 1 million in damages and alleging that Karen Gikas and other, uknown, Immigration and Customs Enforcement Agents conducted unlawful searches of his apartment and warehouse and subsequently gave perjured testimony in the criminal proceedings against him. 2 The Court, upon *sua sponte* review, will dismiss the plaintiff's *pro se* complaint under the rule announced in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) and applied to *Bivens* actions in *Williams v. Hill*, 318 U.S. App. D.C. 78, 74 F.3d 1339, 1340-41 (D.C. Cir. 1996).

In *Heck v. Humphrey*, the plaintiff alleged that prosecutors and police investigators involved in his criminal prosecution had engaged in unlawful conduct that led to his arrest and conviction. 512 U.S. at 479. The Supreme Court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 486. Accordingly, "in order to recover damages from allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. Accordingly, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the

ylcases                                       1

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

conviction or sentence has already been invalidated." *Id.* at 487.

Here, the wrongs that plaintiff alleges, if proved, would render his conviction invalid. The plaintiff has not demonstrated that his conviction or sentence has already been invalidated. 3 Therefore, under the rule in *Heck v. Humphrey,* this civil rights action for damages must be dismissed.

A separate order accompanies this memorandum opinion.

/s/ Richard J. Leon

RICHARD J. LEON

United States District Judge

Date: 5/27/08

ORDER

For the reasons stated in the accompanying memorandum opinion, it is hereby

ORDERED that this case is DISMISSED; and it is further

ORDERED that all pending motions are DENIED as moot.

This is a final appealable order. *See* Fed. R. App. P. 4(a).

/s/ RICHARD J. LEON

RICHARD J. LEON

United States District Judge

Date: 5/27/08

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, because (1) the common law of torts is the appropriate starting point for determining whether such claims are cognizable under § 1983; (2) the common-law cause of action for malicious prosecution provides the closest analogy to such § 1983 claims; (3) one element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused; and (4) the Supreme Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack.

THOMAS, J., concurred, expressing the view that the court's opinion limited the scope of § 1983 in a manner consistent with the federalism concerns undergirding the explicit exhaustion requirement of the habeas corpus statute and with the state of the common law at the time § 1983 was enacted.

SOUTER, J., joined by BLACKMUN, STEVENS, and O'CONNOR, JJ., concurred in the judgment, expressing the view that the proper way to resolve the case was to construe § 1983 in light of the habeas corpus statute and its explicit policy of exhaustion.

### HEADNOTES

Classified to United States Supreme Court Digest, Lawyers' Edition

**Civil Rights § 46; Malicious Prosecution § 1 — 42 USCS § 1983 — action for damages — unlawful conviction or sentence — necessity of invalidation**

1a-1c. A claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, is not cognizable under 42 USCS § 1983 unless the plaintiff proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, because (1) inasmuch as § 1983 creates a special species of tort liability, the common law of torts is the appropriate starting point for determining whether such a claim is cognizable under § 1983; (2) the common-law cause of action for malicious prosecution provides the closest analogy to such § 1983

claims; (3) one element that must be proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused, inasmuch as (a) this requirement serves a strong judicial policy against conflicting resolution, and ing out of the same transaction, and (b) to permit a convicted criminal defendant to proceed with a malicious prosecution action would permit a collateral attack on the conviction through the vehicle of a civil suit; and (4) the United States Supreme Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack. (Souter, Blackmun, Stevens, and O'Connor, JJ., dissented in part from this holding.)

**Civil Rights § 46 — 42 USCS § 1983 — action for damages — invalidity of conviction or sentence**

2a-2c. When a state prisoner seeks damages in a suit under 42 USCS

### HECK v HUMPHREY
(1994) 129 L Ed 2d 383

§ 1983, a United States District Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated, but if the District Court determines that the action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit; and such an action under § 1983 is properly dismissed where it is found that the prisoner's damage claims challenge the legality of a conviction which has not already been invalidated.

**Appeal §§ 1067.5(2), 1088 — certiorari — petition — briefs**

3a, 3b. On certiorari to review a decision of a United States Court of Appeals affirming the dismissal of a state prisoner's action under 42 USCS § 1983 for damages based on violation of his civil rights in the course of his prosecution and conviction in state court for voluntary manslaughter, the United States Supreme Court will accept the factual characterization of the prisoner's monetary claim by the lower courts as challenging the legality of his conviction, notwithstanding the prisoner's contention in his reply brief that findings validating his damages claim would not invalidate his conviction, where (1) the prisoner's complaint alleged that the defendants—two prosecutors and a state investigator—had engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to his arrest, had knowingly destroyed exculpatory evidence, and had caused "an illegal

and unlawful voice identification procedure" to be used at his trial; and (2) neither in his petition for certiorari nor in his principal brief on the merits did the prisoner contest the characterization of his claim as challenging the legality of his conviction.

**Appeal § 1341; Courts § 608 — scope of review — applicability of state law — conclusiveness of judgment**

4a, 4b. Because the res judicata effect of state court decisions in actions under 42 USCS § 1983 is a matter of state law, the United States Supreme Court, on certiorari to review a decision of a United States Court of Appeals to determine whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 USCS § 1983, will decline to pursue, without implying the existence of the issue suggested by the Court of Appeals' statement to the effect that if the prisoner's conviction were proper the § 1983 action would in all likelihood be barred by res judicata.

**Civil Rights §§ 22, 30, 46, 47; Habeas Corpus §§ 14.5, 16 — statutory provisions — action by prisoner — exhaustion of state remedies**

5. The Civil Rights Act of 1871 (42 USCS § 1983) and the federal habeas corpus statute (28 USCS § 2254) both provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation; in general, exhaustion of state remedies is not a prerequisite to an action under § 1983, even an action by a state prisoner, while the federal habeas corpus statute, by contrast, requires that state prisoners first seek redress in a state forum.



Mr Antoine Prince
18600-016
USP florence
Po Box 7000
Florence Co 81226

10cv 726

SALIDA, CO 812
PM
JUN 22
20 11

SALIDA, CO 812
PM
JUN 22
20 11

⇦18600-016⇦
Us Court Of Appeals
1823 Stout ST
10 TH Circuit
Denver, CO - 80257
United States

FIRST-CLASS FOREVER